# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL NO. 2:13CV19-FDW-DSC

| | |
|---|---|
| SHARON RADFORD ADAMS,<br>        Plaintiff, | )<br>)<br>) |
| vs. | )    **MEMORANDUM AND RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN,<br>**Commissioner of Social**<br>**Security Administration,**<br>        Defendant. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and "Brief … in Support ..." (document #11), both filed September 23, 2013; and Defendant's "Motion for Summary Judgment" (document #12) and "Memorandum in Support ..." (document #13), both filed November 21, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on July 24, 2013, this matter is ripe upon the filing of Defendant's Motion and Memorandum. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

## I. PROCEDURAL HISTORY

On August 24, 2010, Plaintiff filed an application for a period of disability, Social Security disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that she was unable to work since November 30, 2008. (Tr. 177-93, 215).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff then requested a hearing which was held on January 26, 2012. (Tr. 30-68).

On March 2, 2012, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 14-25). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. The ALJ also found that Plaintiff suffered from obesity, degenerative disc disease status post fusion and discectomy, and carpal tunnel syndrome, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 16).

At Step Four, the ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform a range of sedentary work.[3] The ALJ found that she could occasionally climb, balance, stoop, crouch, kneel, or crawl, but could not climb ladders. Plaintiff was further limited to frequent fine and gross manipulation with her hands, no concentrated exposure to vibrations and hazards, and frequent interaction with the public. (Tr. 22).

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3] Sedentary work involves lifting no more than ten pounds at a time and occasional lifting or carrying of articles like docket files, ledgers, and small tools. 20 C.F.R.§§ 404.1567(a), 416.967(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Id. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. Id.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. He further found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms was not entirely credible, and that those symptoms would not preclude sedentary work as described in the assessed RFC. (Tr. 23-24).

Plaintiff testified that her past relevant work as a human resources manager involved lifting twenty pounds, which is a requirement of light work. A Vocational Expert ("V.E.") testified that the human resources job was sedentary, and that that Plaintiff could perform her past relevant work. The ALJ accepted the V.E.'s testimony, finding that it was consistent with the Dictionary of Occupational Titles ("DOT"). (Tr. 24-25). Accordingly, the ALJ found that Plaintiff could perform her past relevant work and was not disabled. (Tr. 25).

By notice dated February 21, 2013, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-5).

Plaintiff filed the present action on April 23, 2013. She assigns error to the ALJ's decision to afford little weight to the opinion of her treating physician, Dr. Glendon P. Rougeou, and to rely instead on opinions given by state agency medical experts. See Plaintiff's "Brief … in Support ..." at 1, 14-22 (document #11). Plaintiff also assigns error to the ALJ's assessment of her credibility and his determination that she could perform her past relevant work. Id. at 1, 22-25. The parties' cross-motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v.

Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled," as defined for Social Security purposes.[4] Plaintiff first argues that the ALJ erred in affording little weight to Dr. Rougeou's opinion. The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

Dr. Rougeou opined that Plaintiff could sit or stand for only thirty minutes at a time; sit, stand, or walk for less than two hours in an eight-hour work day; and never lift ten pounds or more. Dr. Rougeou also found that Plaintiff had significant limitations in doing repetitive

---

[4] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

reaching, handling or fingering; and suffered from depression that was significant enough to exacerbate her symptoms. (Tr. 461-63). The ALJ discounted Dr. Rougeou's opinion because it conflicted with other substantial evidence and was not supported by clinical and laboratory diagnostics. (Tr. 24).

The medical evidence - including Dr. Rougeou's notes - supports the ALJ's decision. As stated by the ALJ (Tr. 24), the record does not support Dr. Rougeou's opinion that Plaintiff's depression would cause any workplace limitations. On January 17, 2012, Dr. Rougeou noted that Plaintiff denied confusion or difficulty with concentration, memory, or speech. (Tr. 441). On December 14, 2011, Plaintiff informed Dr. Rougeou that her depression was well controlled. She denied confusion, difficulty with concentration or memory, anxiety, mood swings, hallucinations, excessive anger, or feelings of isolation. (Tr. 444-46). Plaintiff denied being depressed on multiple occasions. (Tr. 353, 357, 370, 406, 453). She had several mental health examinations with normal results. (Tr. 375, 382, 436, 442, 447, 456). Scruggs v. Astrue, No. 2:09-cv-50, 2011 WL 4595995, at *6 (W.D.N.C. Sept. 30, 2011) (holding that an ALJ may disregard a treating physician's disability opinion where the opinion is inconsistent with the physician's own notes).

The medical record also supports the ALJ's decision to discount Dr. Rougeou's opinions regarding Plaintiff's back and leg pain. MRIs from July 2009 to May 2011 showed that Plaintiff had significant disc degeneration at L2-L3 of her lumbar spine, but no significant nerve impingement. (Tr. 292, 396, 404) Her condition was addressed on September 15, 2011, when she underwent a laminectomy and spinal fusion surgery (Tr. 426). Following her surgery, Plaintiff reported to Dr. Rougeou that she received "enough relief" from her pain medication,

6

and was able to perform her daily activities. (Tr. 444).

The results of a consultative examination performed by Dr. Stephen Burgess support the ALJ's decision. Dr. Burgess examined Plaintiff on April 13, 2011. (Tr. 390). He noted that she walked with a normal gait and appeared comfortable in a sitting position. (Tr. 392). Dr. Burgess found no tenderness, redness, warmth or swelling in her hands. (Tr. 393). Plaintiff had no signs of atrophy. She was able make a fist and pick up coins using either hand without difficulty. She had a normal range of motion in all her fingers. (Tr. 393). Although Plaintiff complained that her condition was worsening over time, Dr. Burgess concluded that she would have only mild to moderate work-related impairments. This conclusion contradicts Dr. Rougeou's opinion and supports the ALJ's RFC finding. (Tr. 394).

On July 8, 2010, an electrodiagnostic study indicated that Plaintiff had moderate bilateral carpal tunnel syndrome. (Tr. 316). However, Dr. Bruce Minkim noted that there was no evidence of compression of the ulnar or other peripheral nerves, nor any evidence of cervical radiculopathy or neuropathy. (Tr. 312, 316). Despite Plaintiff having moderate carpal tunnel syndrome, Dr. Burgess found no tenderness, redness, warmth or swelling in her hands. (Tr. 393). Dr. Rougeou's treatment notes state that Plaintiff's wrist felt better ten weeks after suffering a fracture. (Tr. 440-59). There is no mention of any carpal tunnel symptoms or pain in her hand or arm.

Plaintiff argues that the ALJ erred by not making specific findings pursuant to 20 C.F.R. §§ 404.1527(c)(2), 416.927(c) in determining what weight to afford a treating physician's opinion. By finding that Dr. Rougeou's opinion was not supported by the medical record and was inconsistent with other evidence (Tr. 24), the ALJ "implicitly ruled that the opinion[s]

7

failed each of the [1527(c)(2)] factors." Henley v. Astrue, No. 3:11-cv-488, 2012 WL 2804846, at *4 (W.D.N.C. Jul. 10, 2012) ( the ALJ implicitly ruled on the treating physician's opinion despite failing to explicitly discuss 20 C.F.R. § 416.927(c)(2) factors ); see also Warren v. Astrue, No. 5:08-cv-149, 2009 WL 1392898, at * 3 (E.D.N.C. May 18, 2009) (SSR 96-2p "does not entail that the ALJ must expressly set forth a factor-by-factor analysis of each of the [404.1527(c)(2) factors] in every ruling that bears on the weight given to a medical opinion"). Although the regulations require consideration of certain factors, the ALJ is not required to address each one. Arnett v. Colvin, No. 1:10–CV–703, 2013 WL 4768184, at * 4 (M.D.N.C. Sept. 5, 2013) (holding that the ALJ is "not required to discuss every single finding in each piece of evidence in the record[.]"). For those reasons, the ALJ's decision to afford little weight to Dr. Rougeou's opinion is supported by substantial evidence.

Plaintiff next argues that the ALJ erred in relying on the state agency medical expert's opinion. The ALJ's RFC determination was supported by the agency medical expert's opinion that Plaintiff was capable of performing medium work. (Tr. 132-33). Although the ALJ adopted a more restrictive RFC, that opinion generally supports his finding that Plaintiff was not disabled. See 20 C.F.R. §§ 404.1527(e), 416.927(e) and SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996) (stating that the opinion of a non-examining state agency medical source, insofar as it is supported by the evidence in the case record, is recognized as that of a highly qualified physician, who is an expert in the evaluation of the medical issues in disability claims under the Act); see also Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986) ("[T]he testimony of a non-examining physician can be relied upon when it is consistent with the record"). The "fact that the state agency physician did not have access to the entire evidentiary record-because the record

8

was incomplete the time of the assessment-is inconsequential as the ALJ considered the entire evidentiary record and substantial evidence supports his determination." Thacker v. Astrue, No. 11-246, 2011 WL 7154218, at *6 (W.D.N.C. Nov. 28, 2011).

Plaintiff argues that the ALJ's assessment of her credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (citing 20 C.F.R. § 416.929(b) and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A)). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

In evaluating a plaintiff's credibility, the ALJ considers factors such as medical and treatment history, laboratory findings, and reported daily activities. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is not required to discuss each factor enumerated in 20 C.F.R. §§ 404.1529(c), 416.929(c). Rather, the decision must contain "specific reasons for the finding on

credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The ALJ considered Plaintiff's testimony about her pain, functional limitations, and medical treatment. (Tr. 23-24). The record contains evidence of Plaintiff's obesity, degenerative disc disease status post fusion and discectomy, and carpal tunnel syndrome – which <u>could</u> be expected to produce some of the symptoms claimed by Plaintiff. Accordingly, the ALJ found that Plaintiff met the first prong of the test.

The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record. This determination is supported by substantial evidence. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that they were inconsistent with her RFC which covered a range of sedentary work. (Tr. 23-24). The ALJ did find that Plaintiff had physical and mental impairments resulting in limitations.

However, the medical evidence does not support any limitations beyond those contained in the RFC. For example, Plaintiff repeatedly tested negative on the straight leg test (Tr. 303, 407, 436). She reported that her pain was well controlled. (287, 296, 444). Plaintiff's hands functioned well during the testing performed by Dr. Burgess. (Tr. 393). She denied depression on multiple occasions, and did not demonstrate any limitations resulting from her mental impairments. (Tr. 353, 357, 370, 375, 382, 406, 436, 441-42, 444-47, 453, 456).

Plaintiff's daily activities also provide substantial evidence supporting the ALJ's evaluation of her credibility. In her Adult Function Report, Plaintiff stated that she made her

bed, cooked breakfast, emptied and loaded the dishwasher, performed light household chores, and drove a car. (Tr. 246, 248-49, 253). She reported to the psychological consultative examiner that she could care for her own personal hygiene, grooming, and dressing. (Tr. 385). She also reported that she and her husband shared cooking duties. Id. She told Dr. Rougeou that she had no difficulties performing her activities of daily living following surgery. (Tr. 444.) Hospital records indicate that Plaintiff could perform her activities of daily living independently. (Tr. 416.) The regulations allow for this evidence to be considered in evaluating Plaintiff's credibility. See 20 CFR §§ 404.1529(c)(3) & 404.1529(c)(3)(i) (claimant's "daily activities" and "pattern of daily living" are "important indicator[s] of the intensity and persistence of [her] symptoms"); SSR 96-7p, available at 1996 WL 374186, at *3, *5 & *7 ("daily activities" are material to assessment of claimant's credibility). The ALJ is entitled to discount complaints by a claimant who is able to engage in the kinds of activities as Plaintiff did here. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (upholding finding that claimant's routine activities – including attending church, visiting relatives, reading, watching television, cooking, cleaning the house, and doing laundry – were inconsistent with complaints of pain); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("the pattern of [claimant's] daily activity" – including socializing, walking to town, grocery shopping, cooking, washing dishes, and generally taking care of a house – "suggests that he was not disabled from working").

Plaintiff's credibility was further undermined by her statement that she stopped working because of the lack of available employment, and not because of her impairments. (Tr. 322). See Cauthen v. Finch, 426 F.2d 891, 892 (4th Cir. 1970) (holding that the fact that cessation of employment was not based on impairments supported finding of no disability).

Finally, Plaintiff challenges the ALJ's finding that she could perform her past relevant work. Substantial evidence also supports the ALJ's determination here.

An ALJ must make three specific findings in determining that a claimant can perform past relevant work: (1) the individual's RFC; (2) the physical and mental demands of the past work; and (3) the fact that the individual's RFC would permit a return to her past work. SSR 82–62, 1982 WL 31386, at *4. Plaintiff bears the burden of showing her inability to perform her past work. Hunter, 993 F.2d at 35. SSR 82–62 does not alter that burden. Under SSR 82–62, an ALJ's duty to further develop the record concerning a claimant's past relevant work arises when the ALJ is "alerted by the record to the presence of an issue on the subject of past relevant work." Floyd v. Astrue, No. 3:10-cv-474, 2011 WL 4946311, at *4 (W.D.N.C. Jun. 06, 2011) (quoting Jones v. Bowen, 699 F.Supp. 693, 696 (N.D.Ill.1988)); see also Santiago v. Secretary of Health and Human Servs., 944 F.2d 1, 6 (1st Cir.1991) ("Nothing in SSR 82–62 requires the ALJ to further develop the record as to issues not raised by the claimant's initial proffers").

The V.E. testified that Plaintiff's past work as a human resources manager is generally considered sedentary work. (Tr. 63). The V.E. also testified that a hypothetical person with Plaintiff's vocational profile and a limitation to modified sedentary work could perform the job of human resources manager. (Tr. 64-65). The ALJ found that Plaintiff could perform modified sedentary work (Tr. 22). He identified Plaintiff's past relevant work as a human resource manager. (Tr. 24). The ALJ also found that Plaintiff could perform her past relevant work in the general economy. (Tr. 24-25). The ALJ satisfied SSR 82-62.

Although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's

responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that the Plaintiff was not disabled.

## IV.  RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #12) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also

preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: December 3, 2013

*[signature]*

David S. Cayer
United States Magistrate Judge