UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:13-cv-00019-FDW-DSC

| | |
|---|---|
| SHARON RADFORD ADAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Commissioner of )<br>Social Security Administration, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Objections to the Report and Recommendations of the United States Magistrate Judge" (Doc. No. 20), Defendant's "Response to Plaintiff's Objections" (Doc. No. 22), Plaintiff's "Motion for Summary Judgment" (Doc. No. 10) and "Brief of Plaintiff in support of her Social Security Appeal" (Doc. No. 11), Defendant's "Motion for Summary Judgment" (Doc. No. 12) and "Memorandum of Law in Support of Defendant's Motion for Summary Judgment" (Doc. No. 13), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 14). This matter is now ripe for review.

For the reasons that follow, the Court ACCEPTS and ADOPTS the M&R (Doc. No. 14). Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

The Federal Magistrate Act states that "a [district] court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.

1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). The district court need not review issues that are beyond the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Upon careful review of the record, "the [district] court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Here, the M&R recommended the Court DENY Plaintiff's Motion for Summary Judgment, GRANT Defendant's Motion for Summary Judgment, and AFFIRM the Commissioner's decision. Federal Rule of Civil Procedure 72(b) allows a party fourteen (14) days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Plaintiff timely and specifically objected to the M&R's conclusions that the ALJ had not erred by (1) affording Plaintiff's treating physician limited weight and (2) finding that Plaintiff can perform her past relevant work as a human resources manager. Notably, Plaintiff does not object to any findings of fact, and those are hereby adopted as if incorporated by reference herein.

Turning to Plaintiff's first argument, Plaintiff asserts that the ALJ failed to afford proper weight to Plaintiff's treating physician, Dr. Glendon Rougeou, because his opinion "was well-

supported by the record and thus should have been afforded substantial, if not controlling, weight." (Doc. No. 20, p. 2). "[I]f a physician's opinion is not well-supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

The Court has conducted a <u>de novo</u> review of the ALJ's decision and has concluded, contrary to Plaintiff's argument, that Dr. Rougeou's opinion is not well-supported by substantial objective evidence of record. The Court specifically notes the ALJ's determination that Dr. Rougeou's opinion is inconsistent with Plaintiff's daily activities as noted throughout the record, and that Plaintiff is "independent with daily activities and does not require assistance." (Doc. No. 9-3, p. 25). Dr. Rougeou's opinion is also inconsistent, as the M&R points out, with other medical assessments in the record concluding that Plaintiff would have only mild to moderate work-related impairments. (Doc. No. 14, p. 7). Accordingly, the ALJ did not err in affording Dr. Rougeou's opinion limited weight, especially considering that it is "not well-supported by clinical evidence [and] is inconsistent with other substantial evidence . . . ." Mastro, 270 F.3d at 178.

As to Plaintiff's second and final argument, Plaintiff asserts that the ALJ disregarded the Vocational Expert's ("VE") determination that Plaintiff could not perform her past relevant work as indicated by Plaintiff. Plaintiff argues that her past relevant work as a human resources manager included lifting twenty (20) pounds and that the VE testified before the ALJ that Plaintiff's residual functional capacity (RFC) precludes this type of work. (Doc. No. 20, pp. 5-6). However, the Court notes that the ALJ relied upon the testimony of the VE that the work of a human resources manager is generally considered sedentary. The VE testified that while Plaintiff may not have been able to perform her past relevant work as she actually performed it, Plaintiff "could [nevertheless] perform her past relevant work as a human resources manager as it is performed in the *general economy*,"

(Doc. No. 9-3, p. 26) (emphasis added). Accordingly, the Court concludes that the ALJ's decision that Plaintiff can perform past relevant work was supported by substantial evidence in the record.

## CONCLUSION

IT IS THEREFORE ORDERED that the Court ACCEPTS and ADOPTS the M&R (Doc. No. 14). Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: May 1, 2014

Frank D. Whitney
Chief United States District Judge